IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE MITCHELL, | § | |
|     Plaintiff, | § | |
| | § | Civil Action No. 4:20-cv-03716 |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| TEXAS FARM BUREAU, | § | |
|     Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Joe Mitchell ("Plaintiff" or "Mitchell") now files this Complaint against Defendant Texas Farm Bureau ("Defendant"). In support, Plaintiff states as follows.

### PARTIES

1. Plaintiff Joe Mitchell is a citizen of the United States and a resident of Waller, Texas.

2. Defendant Texas Farm Bureau is a corporation authorized to transact business in the State of Texas. It may be served with process through its registered agent for service of process, SI E Cook, 7420 Fish Pond Road, Waco, Texas 76710 or as may otherwise be permitted under Rule 4 of the Federal Rules of Civil Procedure and/or the Texas long-arm statute.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims described in this Complaint pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under federal law.

4. The Court has subject matter jurisdiction over Plaintiff's claim under the Texas Commission on Human Rights Act pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because it has continuously and systematically performed a substantial amount of business within the state of Texas and,

moreover, is being sued herein for illegal conduct against the Plaintiff that occurred within the State of Texas. Accordingly, this Court has both general and specific jurisdiction over the Defendant.

6. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 42 U.S.C. § 2000e-5(f)(3) because all or part of the unlawful employment practices committed by the Defendant occurred in this district, and this is also the district in which Plaintiff would have worked but for the unlawful employment practices described herein.

## FACTS

7. On or around April 11, 2019, Mitchell applied for a job with Defendant to be an insurance salesperson at one of its offices in Waller County, Texas.

8. Plaintiff was 58-years-old at the time he applied for a job at Defendant.

9. Plaintiff had experience in sales and was qualified for the position he applied for.

10. Doug Light, Defendant's Agency Manager in the Waller County location, interviewed Defendant on or around April 16, 2019. The initial interview went well, so Light then went to Plaintiff's house to meet him and his wife on April 22, 2019, to conduct a second interview.

11. On or around April 23, 2019, Plaintiff was instructed to conduct surveys of 25 people and to compile a list of 100 names of people he could potentially call upon. Plaintiff completed these tasks at Light's instruction.

12. Then, on or around May 23, 2019, Plaintiff met again with Light and his supervisor for another round of interviews.

13. On or around May 28, 2019, Plaintiff had a post-interview follow up call with Light. During this call, Mr. Light openly expressed concern about Plaintiff's age, including speculation about how the younger salespeople would react to having "someone as old as [Plaintiff] working

alongside them." This concerned Plaintiff that Defendant would discriminate against him because of his age and not hire him after the interview process had been going so well.

14. On May 30, 2019, Plaintiff sent an email to Mr. Light and stated, "I was thinking about the concern you expressed regarding my age and what the younger agents would think. I can assure you that I won't make them feel too bad about their youth and inexperience".

15. That same day, Light replied, "Joe, I appreciate that. I am pushing for a decision. Sorry for the delay, but I will let you know what the powers that be decide." Importantly, Light did not dispute what Mitchell had said about the previous expression of age bias. Rather, he replied that he "appreciate[d]" Mitchell's concerns.

16. Shortly after this email exchange, Plaintiff was informed that Defendant would not hire him.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. On or about July 19, 2019, Plaintiff timely filed a charge of discrimination with the EEOC and the Texas Workforce Commission Civil Rights Division.

18. The EEOC issued Plaintiff a right to sue letter on or about August 19, 2020.

19. This lawsuit has been filed within 90 days of the EEOC's issuance of that Notice. Consequently, this lawsuit has been filed within 90 days of Plaintiff's receipt of that Notice.

20. The TWC has never issued Plaintiff a right to sue letter, but his charge has been on file for more than 180 days as of the date of this lawsuit's filing.

21. Based on the foregoing, Plaintiff has exhausted all administrative remedies required by the Age Discrimination in Employment Act of 1967 ("ADEA") and/or the Texas Commission on Human Rights Act.

## FIRST CAUSE OF ACTION (AGE DISCRIMINATION)

22. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

23. Plaintiff is a member of a protected class under the ADEA and the Texas Commission on Human Rights Act because he is over the age of 40 and was so at the time he applied for a job at Defendant.

24. Plaintiff was qualified for the position he sought at Defendant.

25. Despite Plaintiff's qualifications, he was not selected for the position he sought at Defendant.

26. After Defendant rejected Plaintiff, the insurance sales position remained open, and Defendant continued seeking applications from other individuals.

27. But for his age, Plaintiff would have been selected for the job with Defendant. Accordingly, the Defendant violated the ADEA when it failed to hire Mitchell for the job.

28. Additionally, age was a motivating factor in the decision not to hire Mitchell for the job. Thus, the Defendant violated the TCHRA when it failed to hire Mitchell.

29. Plaintiff has been damaged by the discrimination against him.

30. Defendant discriminated against Plaintiff willfully. An award of liquidated damages under the ADEA is therefore warranted.

31. Defendant discriminated against Plaintiff with malice and/or reckless disregard for Plaintiff's statutory right to be free from discrimination. An award of exemplary damages is therefore warranted pursuant to the TCHRA.

## ATTORNEYS' FEES

32. If Plaintiff prevails, he is entitled to an award of reasonable and necessary attorneys' fees.

## JURY DEMAND

33. Plaintiff hereby demands a trial by jury on all claims that may be tried to a jury.

**PRAYER FOR RELIEF**

Plaintiff hereby prays that Defendant be cited to appear and that, upon trial, the Court enter a judgment in his favor for the following:

a) Back pay;
b) Liquidated damages;
c) Compensatory damages;
d) Punitive Damages;
e) Reinstatement and/or front pay;
f) Taxable court costs;
g) Attorney's fees; and
h) Such other and further relief to which he may show himself entitled.

Respectfully submitted,

DOW GOLUB REMELS & GILBREATH, PLLC

/s/ Andrew S. Golub
Andrew S. Golub
Attorney-in-Charge
S.D. Tex. No. 13812
Texas Bar No. 08114950
asgolub@dowgolub.com
Connor Throckmorton
S.D. Tex. No. 3065092
Texas Bar No. 24103965
connor@dowgolub.com
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
Telephone: (713) 526-3700
Facsimile: (713) 526-3750

ATTORNEYS FOR PLAINTIFF