Case 4:20-cv-03716   Document 62   Filed on 09/27/22 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
September 27, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-3716 |
| | § | |
| TEXAS FARM BUREAU, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

After an extensive interview process, Joe Mitchell was not hired as a sales representative for the Texas Farm Bureau. He sued Texas Farm Bureau, Texas Farm Bureau Insurance Companies, Texas Farm Bureau Casualty Insurance Company, Texas Farm Bureau Mutual Insurance Company, Texas Farm Bureau Underwriters, and Farm Bureau County Mutual Insurance Company of Texas (collectively, "Texas Farm Bureau") for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and under Chapter 21 of the Texas Labor Code, also known as the Texas Commission on Human Rights Act.

The court granted summary judgment for Texas Farm Bureau. (Docket Entry No. 57). Applying the *McDonnell Douglas* burden-shifting framework, the court found that Mitchell made a prima facie showing that he was qualified for the job, and that Texas Farm Bureau had proffered legitimate, nondiscriminatory reasons to not hire him—Mitchell lacked direct, commission-based sales experience—and Mitchell pointed to no factual dispute material to determining whether the proffered reason was pretextual. Because Mitchell could not point to summary judgment evidence that could support an inference of pretext and discrimination, Texas Farm Bureau was entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a).

Mitchell now moves under Rule 59(e) for a new trial. (Docket Entry No. 59). "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting reference omitted). Mitchell offers no new evidence, no intervening change in law, and no manifest legal error. Instead, Mitchell largely copied and pasted his briefing on summary judgment in his Rule 59(e) motion. *Compare* (Docket Entry No. 30), *with* (Docket Entry No. 59). He argues, as he did on summary judgment, that Texas Farm Bureau did not show a legitimate, nondiscriminatory reason for not hiring him. Repeating previously rejected arguments is not a basis for relief under Rule 59(e). Mitchell's Rule 59(e) motion is denied.

SIGNED on September 27, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge